# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WINDUST,<br><br>          Petitioner,<br><br>    v.<br><br>PAT VASQUEZ, *Warden*,<br><br>          Respondent. | Case No. ED CV 17-0123 R (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

     Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

     Petitioner's Objections generally reiterate the same arguments made in the Petition, and lack merit for the reasons set forth in the R&R.  There are two issues, however, that warrant brief discussion here.

//

1

In his Objections, Petitioner argues that the limitations period stated in the R&R, (R&R at 3), is "clearly not correct," but fails to explain why. (Objections at 4.) In fact, Petitioner does not claim that he qualifies for a later accrual date, under 28 U.S.C. §§ 2244(d)(1)(B)-(D), and does not allege any facts that would allow for any such accrual. (*See generally* Objections.)

Petitioner also argues that he is entitled to equitable tolling because: (1) Petitioner could not show, until recently, "his inability to pay [the] [restitution] fine [that his plea agreement required]"; (2) his state habeas proceedings were "severely tainted"; and (3) Petitioner had "not even [] the slightest bit of legal knowledge" regarding his case. (Objections at 5-6.)

First, equitable tolling is granted in "rare cases" when Petitioner can show that he pursued his rights diligently and an "extraordinary circumstance prevented timely filing," not when Petitioner shows that he cannot endure the sentence imposed. *See Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014).

Second, Petitioner's conclusory assertions regarding "tainted" state habeas proceedings "have no evidentiary support and are manifestly insufficient to warrant equitable tolling." *Oglesby v. Soto*, 2015 WL 4399488, at *1 (C.D. Cal. July 17, 2015).

Third, "a petitioner's *pro se* status and lack of legal knowledge or training are insufficient to warrant the granting of equitable tolling." *George v. McEwen*, 2013 WL 5676202, at *1 (C.D. Cal. Oct. 17, 2013).

As such, Petitioner is not entitled to equitable tolling, and the Petition remains untimely.

//

//

Accordingly, IT IS ORDERED THAT:

    1. The Report and Recommendation is approved and accepted;

    2. Judgment be entered dismissing this action with prejudice; and

    3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.[1]

DATED: March 6, 2017

                                     HON. MANUEL L. REAL
                                 UNITED STATES DISTRICT JUDGE

---

[1] Despite Petitioner's objections to this declination, (Objections at 9), it is well-established that a certificate of appealability is properly denied where a petition is untimely and the petitioner does not qualify for an actual innocence exception. *See Kennedy v. Cates*, 2010 WL 966572 (C.D. Cal. Mar. 11, 2010).